Joshua H. Eggnatz (Fla. Bar No. 0067926)
Michael J. Pascucci (Fla. Bar No. 0083397)
EGGNATZ, LOPATIN & PASCUCCI, LLP
5400 S. University Drive, Suite 417
Davie, FL 33328
Tel:    (954) 889-3359
Fax:    (954) 889-5913
JEggnatz@ELPLawyers.com
Mpascucci@ELPLawyers.com
(*Pro Hac Vice* Application Pending)

*Counsel for Plaintiffs and the Proposed Class*

*Remaining Counsel Listed Below*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELE BANDELL, DAVID EIGLARSH, CHARLENE PANOS, JEANETTE RAWLS, JENNIFER WALKER, and ALEX ZENNNARO, individually and on behalf of all others similarly situated,<br><br>                              Plaintiffs,<br><br>     v.<br><br>MASSAGE ENVY FRANCHISING, LLC, a Delaware Limited Liability Company,<br><br>                              Defendant. | CASE NO.: **'16CV1236 GPC BGS**<br><br>**COMPLAINT**<br><br>**(1) BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>**(2) UNJUST ENRICHMENT**<br><br>**(3) DECLARATORY RELIEF PURSUANT TO THE DECLARATORY JUDGMENT ACT, 28 U.S.C. § 2201**<br><br>**DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT
Case No.:

Plaintiffs, MICHELE BANDELL, DAVID EIGLARSH, CHARLENE PANOS, JEANETTE RAWLS, JENNIFER WALKER, and ALEX ZENNNARO ("Plaintiffs"), individually and on behalf of all others similarly situated, by and through their undersigned counsel, and pursuant to all applicable Federal Rules of Civil Procedure, hereby file this Class Action Complaint and Demand for Jury Trial, and allege against Defendant, MASSAGE ENVY FRANCHISING, LLC. ("MEF" or "Defendant"), as follows:

## I. INTRODUCTION

1.  At all material times hereto, based upon Plaintiff's' own personal knowledge and on information and belief upon investigation of counsel, Defendant has unfairly, misleadingly, and/or deceptively designed and implemented a business practice of forfeiting pre-paid massages entitled to Plaintiffs and the proposed Class.

2.  MEF is a national chain of more than 700 clinics which operates on a prepaid membership fee model; for approximately $59 a month, members receive one massage. Those massages which cannot be scheduled during the month in question "roll over," and can be redeemed later. However, Defendant inserted unconscionable provisions in its adhesion contract that require Plaintiffs and Class members to continue to purchase additional monthly massages as a precondition to redeem massages already purchased. If a member terminates his or her membership, or his or her account is in arrears, MEF does not allow the member to redeem any accrued, but unused, and already paid for prepaid massages.

3.  This class action seeks to remedy Defendant's unfair, deceptive, and unconscionable business practice of forfeiting pre-paid massages that is uniformly applied in all of its customer contracts – "Equity abhors a forfeiture."

4.  Plaintiffs bring this class action to secure, among other things, equitable relief, declaratory relief, and restitution/reinstatement of forfeited massages, for a Class of similarly

situated purchasers, against MEF, for: (1) Breach of the Implied Covenant of Good Faith and Fair Dealing; (2) Unjust Enrichment; and (3) Declaratory Relief Pursuant To The Declaratory Judgment Act, 28 U.S.C. § 2201

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction over this class action because it is an action brought on behalf of purchasers and users of Defendant's pre-paid massage program, which occurred in California and throughout the United States, and the matter in controversy exceeds the aggregate sum of $5,000,000, exclusive of interest and costs. Therefore, this action is properly brought under the Class Action Fairness Act.

6. Defendant is subject to personal jurisdiction and venue is proper because Defendant transacted business with Class members in this District, Defendant is licensed or registered in this District, and Defendant otherwise has sufficient contacts with this District.

## III. PARTIES

7. Plaintiff, MICHELE BANDELL ("BANDELL"), is an individual more than 18 years old. She is a citizen of and resides in Florida. She respectfully requests a jury trial on all damage claims.

8. Plaintiff, DAVID EIGLARSH ("EIGLARSH"), is an individual more than 18 years old. He is a citizen of and resides in Florida. He respectfully requests a jury trial on all damage claims.

9. Plaintiff, CHARLENE PANOS ("PANOS"), is an individual more than 18 years old. She is a citizen of and resides in Florida. She respectfully requests a jury trial on all damage claims

10. Plaintiff, JEANETTE RAWLS, ("RAWLS"), is an individual more than 18 years old. She is a citizen of and resides in Texas. She respectfully requests a jury trial on all damage

claims.

11. Plaintiff, JENNIFER WALKER ("WALKER"), is an individual more than 18 years old. She is a citizen of and resides in Texas. She respectfully requests a jury trial on all damage claims.

12. Plaintiff, ALEX ZENNNARO ("ZENNARO"), is an individual more than 18 years old. He is a citizen of and resides in Florida. He respectfully requests a jury trial on all damage claims.

13. Defendant, MASSAGE ENVY FRANCHISING, LLC, created, promoted, marketed, designed, authorized and profited from the unfair business practice at issue. Defendant is a Delaware Limited Liability Company with its principal place of business at 14350 North 87th Street, Suite 200, Scottsdale, Arizona, 85260.

14. MEF is the franchisor and principal for all MEF clinics. MEF contractually requires all the MEF clinics to include certain material terms in membership agreements, including the requirement that Plaintiffs and the Class "agree to pay [MEF] for the membership, goods and services according to the payment schedule," that Plaintiffs and the Class "may continue to redeem your pre-paid massages after the initial term of the membership as long as your membership has been renewed and is current" and that Plaintiffs and the Class' memberships "must be active in order to redeem any membership services including membership massages."

15. The uniform pre-paid massage forfeiture scheme was prepared, implemented and/or approved by Defendant. The form customer contracts for MEF's "membership" was designed to encourage consumers to enter into a "membership" under the guise that pre-paid massages would accrue and otherwise be vested once paid for, and reasonably misled the reasonable consumer, i.e. Plaintiffs and the Class into purchasing a MEF contract under unfair and unconscionable circumstances.

16. Plaintiffs allege that, at all times relevant herein, Defendant and its subsidiaries, affiliates, clinics, and other related entities, as well as their respective employees, were the agents, servants and employees of Defendant and at all times relevant herein, each was acting within the purpose and scope of that agency and employment. Plaintiffs further allege on information and belief that at all times relevant herein, the retailers, clinics, and franchisees who sold the MEF contracts, as well as their respective employees, also were Defendant's agents, servants and employees, and at all times herein, each was acting within the purpose and scope of that agency and employment.

17. In addition, Plaintiffs allege that, in committing the wrongful acts alleged herein, Defendant in concert with its subsidiaries, affiliates, and/or other related entities and their respective employees, planned, participated in and furthered a common scheme to induce members of the public to purchase a MEF membership by means of unfair, misleading, deceptive, and unconscionable representations, and that Defendant participated in the making of such representations in that it disseminated and authorized those misrepresentations and/or caused them to be disseminated. Whenever reference in this Complaint is made to any act by Defendant or its subsidiaries, affiliates, retailers and other related entities, such allegation shall be deemed to mean that the principals, officers, directors, employees, agents, and/or representatives of Defendant committed, knew of, performed, authorized, ratified and/or directed that act or transaction on behalf of Defendant while actively engaged in the scope of their duties.

### IV. FACTUAL ALLEGATIONS

**A. MEF's "Membership" Scheme**

18. MEF is a national chain of more than 700 clinics which operates on a prepaid "membership" fee model; for approximately $59.00 a month, members are entitled to one monthly massage.

19. However, unlike a health club or gym, the membership does not provide members access to the facility, but rather provides for the purchase of a pre-paid massage. There is no exclusivity to receive services, as non-"members" can purchase massages as well. Although Defendant considers the pre-paid massage program to be a "membership," the only "membership" aspect of the business model is the recurring nature of monthly charges.

20. Defendants' uniform and standard operational system standard was and is to offer Plaintiffs and the Class a MEF membership contract ("contract" and/or "agreement"), immediately after the prospective member first visits the clinic and is offered an initial massage at an introductory rate. After receipt of the massage and in a relaxed and comprised state, the potential "member" is then presented the membership contract. The contract is a "take it or leave it" adhesion contract.

21. Those "pre-paid massages" which cannot be scheduled during the month in question "roll over," and can be redeemed later at any time after purchase.

22. MEF's Membership Agreement that provides: "If you have paid in full for membership services, you will be refunded the future unused portion of your membership dues for any membership [massages/services] you have not yet redeemed."

23. However, once a customer terminates his or her membership, or his or her account becomes is in arrears, MEF does not allow the member to redeem his or her accrued, but unused and already paid for prepaid massages.

24. This forfeiture constitutes a breach of MEF's implied covenant of good faith and fair dealing and unjust enrichment under the laws of all 50 States.

25. Defendant relies on hidden, unconscionable, and ambiguous provisions in its adhesion contract for its massage forfeiture scheme. It misleadingly and impermissibly construes its membership agreement to compel a calculated improper forfeiture. There is no opportunity to

5

redeem the pre-paid massages in the future, and no refund is offered. The scheme compels members to purchase additional monthly massages as a condition to redeem their already purchased pre-paid massages. When class members discontinue their contract and otherwise discontinue paying for future monthly massages, all pre-paid massages that have not been redeemed are forfeited.

26. MEF's contractual forfeiture of pre-paid massages constitutes an unconscionable and unenforceable liquidated damages penalty, which is an unfair business practice, against public policy, and thus constitutes an impermissibly compelled forfeiture. MEF's unfair business practice unjustly enriches MEF, and is a breach of the implied covenant of good faith and fair dealing.

27. MEF owns Plaintiffs' and the Class' accounts, and permits members to redeem their pre-paid massages at any clinic in the Nation. Based upon information and belief, all clinics are operated and managed pursuant to standard operating procedures and standards required by MEF.

28. MEF requires all clinics to enforce its pre-paid massage forfeiture scheme.

29. Plaintiffs' and the Class' membership agreement/contracts were identical or functionally identical in its material terms. Although the membership agreement does not expressly provide for forfeiture, MEF forfeits all pre-paid massages if a member discontinues his or her account or stops paying for future pre-paid massages. When a member cancels his or her account, the pre-paid massages are forever forfeited, with nothing in return. MEF received Plaintiffs and Class member's money, but then did not provide anything in return. This is unfair, unconscionable, and unjust enriches MEF.

30. MEF's forfeiture policy is unfair and unconscionable because it is ambiguously inserted by MEF in a contract of adhesion, with no opportunity for bargaining, and is presented immediately after Plaintiff and Class members have receive a massage. In addition, MEF's forfeitures are against public policy, lack mutuality, and are completely one-sided in favor of MEF.

31. Consumer concern over MEF's business practice is widespread on internet message boards.

32. MEF's forfeiture practice is also unfair and unconscionable because it is not unambiguously or expressly contained its membership agreement, it restricts Plaintiffs and Class from using a service that they already paid for, it acts a liquidated damages penalty without being expressly contained in the membership agreement, it unjustly enriches and provides revenue to MEF for services that it did not and will never have to provide, and it is imposed and compelled without, and disproportionate to the actual damages (if any) sustained by MEF. Simply put, MEF suffers no actual damages when consumers fail to make timely payment or discontinue their contract. There is no good faith justification for MEF's hidden forfeiture scheme other than to acquire and disgorge unjust profits at Plaintiff and the Class' expense.

**B. Plaintiffs' Purchases**

33. Plaintiff BANDELL initially purchased a MEF "membership" in approximately January 2013 from a MEF located in Davie, Florida. Plaintiff BANDELL signed MEF's standardized contract and paid approximately $59.99 for each pre-paid massage. Plaintiff BANDELL's "membership" terminated on approximately July 2, 2015 after she paid for her last pre-paid massage. At the time she made her last payment, she had accrued at least 10.5 pre-paid massages that were due and owing to her. Upon terminating her future membership her pre-paid massages were forfeited.

34. Plaintiff DAVID EIGLARSH initially purchased a MEF "membership" in approximately December 2011 from a MEF located in Weston, Florida. Plaintiff EIGLARSH signed MEF's standardized contract and paid approximately 49.99 for each pre-paid massage. Plaintiff EIGLARSH's "membership" terminated on approximately April 30, 2015 after he paid for his last pre-paid massage. At the time he made his last payment, he had accrued at least 12 pre-paid

massages that were due and owing to him. Upon terminating his future membership his pre-paid massages were forfeited.

35. Plaintiff PANOS initially purchased a MEF "membership" in approximately May 2013 from a MEF located in Port Orange, Florida. Plaintiff PANOS signed MEF's standardized contract and paid approximately $59.99 for each pre-paid massage. Plaintiff PANOS' "membership" terminated on approximately June 23, 2015 after she paid for her last pre-paid massage. At the time she made her last payment, she had accrued at least 2.5 pre-paid massages that were due and owing to her. Upon terminating her future membership her pre-paid massages were forfeited.

36. Plaintiff RAWLS initially purchased a MEF "membership" in approximately November 2008 from a MEF located in Hamsele, Texas. Plaintiff RAWLS signed MEF's standardized contract and paid approximately $59.99 for each pre-paid massage. Plaintiff RAWLS' "membership" terminated on approximately June 5, 2015 after she paid for her last pre-paid massage. At the time she made her last payment, she had accrued at least 4 pre-paid massages that were due and owing to her. Upon terminating her future membership her pre-paid massages were forfeited.

37. Plaintiff WALKER initially purchased a MEF "membership" in approximately August 2014 from a MEF located in Houston, Texas. Plaintiff WALKER signed MEF's standardized contract and paid approximately $49.99 for each pre-paid massage. Plaintiff WALKER's "membership" terminated on approximately March 19, 2015 after she paid for her last pre-paid massage. At the time she made her last payment, she had accrued at least 1 pre-paid massage that was due and owing to her. Upon terminating her future membership her pre-paid massage was forfeited.

38. Plaintiff ZENNNARO initially purchased a MEF "membership" in approximately

8

CLASS ACTION COMPLAINT
Case No.:

May 2012 from a MEF located in Miami, Florida. Plaintiff ZENNNARO signed MEF's standardized contract and paid approximately $59.99 for each pre-paid massage. Plaintiff ZENNNARO's "membership" terminated on approximately March 31, 2015 after he paid for his last pre-paid massage. At the time he made his last payment, he had accrued at least 14 pre-paid massages that were due and owing to him. Upon terminating his future membership his pre-paid massages were forfeited.

39. As a result of MEF's forfeiture scheme, Plaintiffs and members of the Class have suffered economic damages and been deprived of their property rights in an amount equal to the value all pre-paid massages forfeited by MEF.

## V. CLASS ACTION ALLEGATIONS

40. This action is brought pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3).

41. The class definition(s) may depend on the information obtained throughout discovery. Notwithstanding, the Class will include one or more of the following:

> All persons residing in the United States who were members of a clinic or spa owned and operated by a Massage Envy franchise, and who subsequently had at least one accrued unused 50-minute monthly massage expire when their membership was cancelled, terminated or not renewed and such cancellation, termination or non-renewal occurred between March 7, 2015, and June 30, 2016 ("Cancelled Members").

42. Excluded from the Class are MEF and any person, firm, trust, corporation, or other entity related to or affiliated with MEF and any member whose membership was terminated for inappropriate or illegal conduct.

43. Also Excluded from the Class are governmental entities, Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded

9

from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

44. Plaintiffs reserve the right to modify the class definition before moving for class certification, including a reservation of the right to seek to certify subclasses, if discovery reveals that modifying the class definitions and/or seeking additional subclasses would be appropriate.

45. Plaintiffs brings this action on their own behalf and on behalf of a Class of all others similarly situated. The Class Period is limited to the applicable statute of limitations for claims at issue and runs until the date of entry of final judgment in this action.

46. The Class is composed of at least several thousand people, the joinder of whom is impracticable except by means of a class action. The disposition of their claims in a class action will benefit the parties and the Court. The members of the Class are so numerous and geographically dispersed across the United States that joinder of all Class members is impracticable, if not impossible.

47. Defendant has acted with respect of the Class in a manner applicable to each Class member. There is a well-defined community of interest in the questions of law and fact involving and affecting the parties to be represented. Common questions of law and fact exist and such common questions predominate over any questions of law or fact that may affect only individual Class members. Such common questions include but are not limited to the following:

    1) Whether MEF's forfeiture of prepaid massages breaches the refund clause in MEF's Membership Agreement;

    2) Whether MEF violated the implied covenant of good faith and fair dealing by unreasonably and/or contrary to law or public policy construing its membership agreement to provide for an impermissible forfeiture;

    3) Whether MEF was unjustly enriched at the expense of Plaintiffs and the

Class;

4) Whether Plaintiffs and the Class are entitled to declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, declaring that MEF's Membership Agreement does not entitle MEF to forfeit Plaintiffs' and the Class member's prepaid massages;

5) The nature and extent of damages, restitution, equitable remedies, and injunctive relief to which Plaintiff and the Class are entitled; and

6) Whether Plaintiffs and the Class should be awarded attorneys' fees and the costs of suit.

48. Plaintiffs assert claims that are typical of the claims of the other members of the Class in that all members have been harmed in substantially the same way by MEF's action and omissions.

49. Plaintiffs will fairly and adequately represent and protect the interest of the Class. Plaintiffs have no interests antagonistic or adverse to other members of the Class. Plaintiffs have retained attorneys who are competent and experienced in class action litigation.

50. MEF has acted or refused to act on grounds generally applicable to all members of the Class, thereby making final relief concerning the Class as a whole appropriate.

51. Plaintiffs and the Class have suffered injury and damages as a result of MEF's wrongful conduct as alleged herein. Absent a class action, the Class will continue to suffer injury, thereby allowing these alleged violations of law to proceed without remedy, and allowing MEF to retain the proceeds of their ill-gotten gains.

52. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The prosecution of separate action by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual

members of the Class. Moreover, litigation on an individual basis could be dispositive of the interests of absent Class members and substantially impair or impede their ability to protect their interests.

53. In view of the complexity of the issues presented and the expense that an individual plaintiff would incur if he or she attempted to obtain relief from MEF, the individual claims of the Class members are monetarily insufficient to support separate actions. Because of the size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of in this Complaint.

54. Plaintiffs do not anticipate any difficulty in managing this action as a class action. The identity of the Class members is known to MEF via its software and record keeping system, and the measure of restitution and/or reinstatement of massages can be calculated from MEF's records. This action poses no unusual difficulties that would impede its management by the Court as a class action.

55. Class-wide and individual damages can readily be obtained via MEF's records because it tracks and records the number of massages that Class members have forfeited. Thus, both the identity of Class members and the amount that each Class members is entitled can be ascertained. As a result, Class-wide restitution can be measured.

56. Plaintiffs re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

57. Members of the Class may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

## VI. FIRST CAUSE OF ACTION:

## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALDING

58. Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs numbered one (1) through fifty-seven (57) of this Complaint as if fully set forth herein verbatim.

59. The membership agreements between Plaintiffs and the Class and MEF constitutes a written contract.

60. The membership agreement/contract contains as a matter of law an implied covenant of good faith and fair dealing to deal honestly.

61. Plaintiffs and the Class paid MEF monthly for pre-paid massages that they did not use.

62. The contract is ambiguous about the permissibility or scope of Plaintiffs and the Class' ability to discontinue making future payments, while at the same time being able to redeem already paid for pre-paid massages.

63. MEF, through a conscious and deliberate effort, failed to perform its contractual duties by wrongfully construing its contract to improperly impose a forfeiture penalty. This unfairly frustrates the contract purpose and disappointed Plaintiffs and the Class' expectations. MEF is required to construe its contract in a matter that avoids a forfeiture.

64. MEF instituted its forfeiture policies as a method to compel timely payment, penalize non-payment, and as a means to unjustly increase revenue without having to provide massage services (i.e., as a means to generate unfair profits). MEF had no good faith business rationale for its forfeiture policies.

65. MEF's forfeiture policies are unconscionable because (1) they are inserted by MEF in a contract of adhesion, with no opportunity for bargaining, presented immediately after

Plaintiffs and Class members have received a massage, and (2) they are against the public policy of every State of the United States, as they lack mutuality, are completely one-sided in favor of MEF and shock the conscience.

66. MEF's breach deprives Plaintiffs and the Class of the contracts benefits.

67. No additional conditions besides payment of membership charges are contractually required of Plaintiffs and the Class for MEF to perform the massage services for Plaintiffs and the Class.

68. MEF interferes with and frustrates Plaintiffs' and the Class' ability to redeem pre-paid massages by forfeiting Plaintiff and the Class' pre-paid massages.

69. As a direct and proximate result of MEF's breaches of the implied covenant of good faith and fair dealing, Plaintiff and each member of the Class have sustained loss, cost, damage and expense in an amount to be proved at the trial of this matter.

## VII. SECOND CAUSE OF ACTION:

## UNJUST ENRICHMENT

70. Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs numbered one (1) through fifty-seven (57) of this Complaint as if fully set forth herein verbatim.

71. Plaintiffs brings this count in the alternative to any remedies at law Plaintiffs and the Class may be entitled.

72. MEF's practices described above resulted in Plaintiffs and the Class being subjected to a compelled forfeiture of pre-paid massages, resulting in MEF confiscating Plaintiffs' and Class' money and proving nothing in return.

73. The monies paid by Plaintiffs and the Class to MEF conferred substantial benefits upon MEF.

74. MEF knew of the benefits conferred upon it by Plaintiffs and the Class.

75. MEF appreciated the benefits conferred upon it by Plaintiffs and the Class.

76. MEF accepted the benefits conferred upon it by Plaintiffs and the Class.

77. MEF retained the benefits conferred upon it by Plaintiffs and the Class.

78. By reason thereof, MEF was unjustly enriched.

79. Plaintiffs and the Class sustained actual damages and loss of property in the amount of the total pre-paid massages forfeited by MEF.

## VII. COUNT THREE:

## DECLARATORY RELIEF PURSUANT TO

## THE DECLARATORY JUDGMENT ACT, 28 U.S.C. § 2201

80. Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs numbered one (1) through fifty-seven (57) of this Complaint as if fully set forth herein verbatim.

81. Pursuant to 28 U.S.C. § 2201, Plaintiffs and the Class are entitled to have this Court establish by declaration their rights and legal relations under MEF's Membership Agreement.

82. Accordingly, Plaintiffs on behalf of the Class pray for a declaration that MEF's standardized Membership Agreement does not permit MEF to forfeit the prepaid massages of Plaintiffs and the Class.

## IX. <u>PRAYER FOR RELIEF</u>

Wherefore, Plaintiffs and the Class respectfully request that the Court:

A. Certify this action as a class action pursuant to Fed. R. Civ. P. 23 and designate Plaintiffs as the representatives of the Class, and designating their undersigned counsel as counsel for the Class;
15
CLASS ACTION COMPLAINT
Case No.:

B.  Declaratory relief finding MEF's forfeiture practice to be unconscionable, against public policy, and a breach of Defendant's implied covenant of good faith and fair dealing;

C.  For an order awarding Plaintiffs and the members of Class restitution and/or an injunction prohibiting MEF's forfeiture of massages, and/or other equitable relief as the Court deems proper, including but not limited to reinstatement of Plaintiffs and the Class members' prepaid massages;

D.  Award Plaintiffs and the Class their costs and disbursements of this suit, including, without limitation, reasonable attorneys' fees, expenses and costs;

E.  Award Plaintiffs and the Class to use or dispose of the pre-paid massages that were forfeited without any obligation on their part to the Defendant;

F.  Award pre-judgment and post-judgment interest as provided by law; and

G.  Grant Plaintiffs and the Class such other and further relief as the Court may deem just and proper.

## X. JURY TRIAL DEMAND

Plaintiffs demand a trial by jury for all of the claims asserted in this Complaint so triable.

DATED:  May 23, 2016

**Respectfully Submitted,**

*/s/ Joshua H. Eggnatz*
Joshua H. Eggnatz (Fla. Bar No. 0067926)
Michael J. Pascucci (Fla. Bar No. 0083397)
EGGNATZ, LOPATIN & PASCUCCI, LLP
5400 S. University Drive, Suite 417
Davie, FL 33328
Tel:        (954) 889-3359
Fax:       (954) 889-5913
JEggnatz@ELPLawyers.com
Mpascucci@ELPLawyers.com
(*Pro Hac Vice* Application Pending)

16

Benjamin M. Lopatin, Esq.
California State Bar Number: 281730
**EGGNATZ, LOPATIN & PASCUCCI, LLP**
2201 Market Street
San Francisco, California 94114
Telephone: (415) 324-8620
Facsimile: (415) 520-2262
BLopatin@ELPLawyers.com

*Counsel for Plaintiffs and the Proposed Class*