UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA ZIZIAN, Individually and on behalf of all other similarly situated California Residents,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>MASSAGE ENVY FRANCHISING, LLC, a Delaware Limited Liability Company,<br><br>　　　　　　　　　Defendant.<br><br>MICHELE BANDELL, DAVID EIGLARSH, CHARLENE PANOS, JEANETTE RAWLS, JENNIFER WALKER, and ALEX ZENNARO, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>MASSAGE ENVY FRANCHISING, LLC, a Delaware Limited Liability Company,<br><br>　　　　　　　　　Defendant. | Case No. 16-cv-00783-DMS-BGS<br>Case No. 16-cv-01236-DMS-BGS<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT AND AWARDING ATTORNEYS' FEES AND SERVICE AWARDS** |

On July 1, 2016, this COURT entered its Order [Dkt. 21] preliminarily approving the class action settlement set forth in the Class Action Settlement and Release (the "AGREEMENT") finding that the SETTLEMENT appeared fair, adequate, and reasonable, free of collusion or indicia of unfairness, and within the range of possible judicial approval thereby warranting notice to the class. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the COURT also provisionally certified two CLASSES:

> **"ACTIVE MEMBERS" defined as members of a clinic or spa independently owned and operated by an MEF FRANCHISEE within the United States whose membership was active as of June 30, 2016, including members whose MEMBERSHIP was frozen or suspended as of June 30, 2016. Excluded are MEF and any person, firm, trust, corporation, or other entity related to or affiliated with MEF, LEGACY MEMBERS,[1] and any member whose membership was terminated for inappropriate or illegal conduct.**

> **"CANCELLED MEMBERS" defined as All members of a clinic or spa independently owned and operated by an MEF FRANCHISEE within the United States who had one or more UNUTILIZED MASSAGES when (i) he/she cancelled his/her MEMBERSHIP; (ii) he/she elected not to renew his/her MEMBERSHIP; or (iii) his/her MEMBERSHIP was terminated for non-payment and such cancellation, termination, or non-renewal occurred between March 7, 2015, and June 30, 2016. Excluded are MEF and any person, firm, trust, corporation, or other entity related to or affiliated with MEF, LEGACY MEMBERS, and any member whose membership was terminated for inappropriate or illegal conduct.**

Currently pending before the COURT is the Motion for Final Approval of the Class Action Settlement and Entry of Final Judgment [Dkt. 25] filed by Class Representatives Donna Zizian ("ACTIVE MEMBER CLASS REPRESENTATIVE"), and Class Representatives Michelle Bandell, David Eiglarsh,

---

[1] LEGACY MEMBERS refers to those members of a clinic or spa independently owned and operated by an MEF FRANCHISEE within the United States whose Membership Agreements expressly state that accrued monthly massages may be used after membership termination, cancellation, or non-renewal.

1  Charlene Panos, Jeanette Rawls, Jennifer Walker, and Alex Zennaro ("CANCELLED
2  MEMBER CLASS REPRESENTATIVES") (collectively, the ACTIVE MEMBER
3  CLASS REPRESENTATIVE and the CANCELLED MEMBER CLASS
4  REPRESENTATIVES are referred to as the "CLASS REPRESENTATIVES").  The
5  CLASS REPRESENTATIVES and Defendant Massage Envy Franchising, LLC
6  ("MEF") are collectively referred to herein as the "PARTIES."  Also pending before
7  the Court is the ACTIVE MEMBER CLASS REPRESENTATIVE's Motion for an
8  Award of Attorneys' Fees, Expenses and Service Award [Dkt. 24] and the
9  CANCELLED MEMBER CLASS REPRESENTATIVES' Motion for an Award of
10 Attorneys' Fees, Expenses and Service Awards [Dkt. 23].  Due and adequate notice
11 having been given of the class action SETTLEMENT, the AGREEMENT, and of the
12 FINAL APPROVAL Hearing as required in the PRELIMINARY APPROVAL
13 ORDER [Dkt. 21] and the COURT having considered all papers, including all
14 objections filed, having heard oral argument on January 13, 2017, and otherwise being
15 fully informed and good cause appearing:

16 **IT IS HEREBY ORDERED THAT:**

17        1.     This FINAL APPROVAL ORDER incorporates the AGREEMENT, as
18 submitted to the COURT with the Motion for Preliminary Approval of Class Action
19 Settlement, filed June 3, 2016 [Dkt. 17-3].  The capitalized terms used in this Final
20 Approval Order shall have the meanings and/or definitions given to them in the
21 AGREEMENT unless specified herein to the contrary.

22        2.     This COURT has jurisdiction over the subject matter of the ACTIONS
23 and over all CLASS MEMBERS and over those persons and entities undertaking
24 affirmative obligations under the AGREEMENT.

25        3.     The COURT finds that the AGREEMENT is eminently reasonable as it
26 will provide CLASS MEMBERS with substantial and immediate relief and allows
27
28

1  CLASS MEMBERS to avoid the risk, expense, complexity, and likely duration of
2  further litigation.

3      4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the COURT
4  hereby certifies for settlement purposes only the SETTLEMENT CLASS, which is
5  comprised of all CLASS MEMBERS except (i) those 91 individuals identified on
6  **Exhibit 1** hereto, who properly excluded themselves by submitting a timely request
7  for exclusion in accordance with the requirements set forth in the AGREEMENT and
8  CLASS NOTICE; and (ii) any judge, justice, judicial officer, or judicial staff of the
9  COURT.

10      5.    The Court finds on the record before it that the SETTLEMENT CLASS
11  satisfies the requirements for class certification under Federal Rules of Civil Procedure
12  23(a) and 23(b)(3), for settlement purposes only, because (a) the SETTLEMENT
13  CLASS MEMBERS are so numerous that joinder of all members is impracticable; (b)
14  there are questions of law and fact common to the SETTLEMENT CLASS
15  MEMBERS; (c) the CLASS REPRESENTATIVES' claims are typical of the claims
16  of the SETTLEMENT CLASS and the CLASS REPRESENTATIVES and CLASS
17  COUNSEL have adequately represented and will continue to adequately represent and
18  protect the interests of the SETTLEMENT CLASS MEMBERS; and (d) class-wide
19  treatment of the disputes raised in the ACTIONS is superior to other available methods
20  for adjudicating the controversies before this COURT at this time.  Manageability
21  issues do not prevent certification for settlement purposes because there will be no
22  trial.

23      6.    The COURT hereby finds that the individual direct CLASS NOTICE
24  given to CLASS MEMBERS (i) fairly and accurately described these lawsuits and the
25  proposed SETTLEMENT; (ii) provided sufficient information so that CLASS
26  MEMBERS were able to decide whether to accept the benefits offered by the
27  SETTLEMENT, exclude themselves from the SETTLEMENT, or object to the
28

1  SETTLEMENT; (iii) adequately described the manner in which CLASS MEMBERS could submit a REINSTATEMENT REQUEST and ELECTION OF BENEFIT FORM, exclude themselves from or object to the SETTLEMENT, and/or appear at the FINAL APPROVAL HEARING; and (iv) provided the date, time, and place of the FINAL APPROVAL HEARING.  The COURT hereby finds that the CLASS NOTICE was the best notice practicable under the circumstances and complied fully with Federal Rule of Civil Procedure Rule 23, due process, and all other applicable laws.

7.  The COURT hereby finds there were very few timely written objections and requests for exclusion from the SETTLEMENT.  The small number of requests for exclusion and objections indicates that the vast majority of the CLASS MEMBERS and the SETTLEMENT CLASS found the SETTLEMENT and the AGREEMENT to be fair, reasonable, and adequate.  Furthermore, the PARTIES demonstrated that none of the asserted bases for objection are valid and accordingly any and all objections to the SETTLEMENT and the AGREEMENT are hereby overruled.

a.  The COURT overrules the objections that the AGREEMENT is unfair or otherwise inadequate because it does not accommodate each SETTLEMENT CLASS MEMBER's individual circumstances. *Lane v. Facebook*, 696 F.3d 811, 818-19, 824 (9th Cir. 2012); *Dauphin Island Prop. Owners Ass'n v. United States*, 90 Fed. Cl. 95, 107 (2009).  Equally important, each of the Objectors could have opted out of the SETTLEMENT but chose not to do so.  *See Lane*, 696 F.3d at 824.

b.  The COURT overrules the objections filed by the following Settlement Class Members: Carey Thornhill, Brian R. Klein, Maria Santi, and Fred DaVeiga. *Sullivan v. DB Investments, Inc.*, 667 F.3d 273, 323-24 (3d Cir. 2011) ("The reasonableness of a proposed settlement is assessed by comparing the present value of the damages plaintiffs would likely recover if successful [at trial], appropriately discounted for the risk of not prevailing . . . with the amount of the proposed settlement.") (internal quotation marks omitted).

1       c.      The COURT overrules the objections of Alden Paye, Fred DaVeiga (the 60-day time frame is too short to use unused massages), (active members can utilize unused massages only at their home clinic), and Jordan Thomas (no specific objection identified) regarding the conditions placed on utilizing massage services in the AGREEMENT.  The fact that the SETTLEMENT does not account for every single SETTLEMENT CLASS MEMBER's unique circumstances does not render the SETTLEMENT unfair: "[T]hat is the nature of a settlement," and the parties' compromise is fair, reasonable, and adequate—particularly when the "serious legal questions that placed the litigation's outcome in doubt [are compared with] the value of the immediate recovery provided." *Tennille v. W. Union Co.*, 785 F.3d 422, 435-36 (10th Cir. 2015); *see also Lane*, 696 F.3d at 824 (some individual settlement class members "will always claim differing amounts of damages," but the presence of class members who may have recovered more individually at trial "does not in itself render the settlement unfair or the . . . recovery among all class members too low.").

        d.      The COURT overrules all other objections raised as they are mere conjecture, inherently flawed, lack sufficient analysis to invalidate the SETTLEMENT, and do not outweigh the clear benefits provided in the SETTLEMENT to the SETTLEMENT CLASS.  *In re Lorazempam & Clorazepate Antitrust Litig.*, 205 F.R.D. 369, 378 (D.D.C. 2002) (rejecting unsupported objections because they are "of little aid to the Court"); *Hanlon,* 150 F.3d at 1027 (question on final approval is not whether the Settlement "could be prettier, smarter, or snazzier," but solely "whether it is fair, adequate, and free from collusion").

8.      The COURT further finds that a full and fair opportunity has been afforded to the SETTLEMENT CLASS to opt out of and to object to the SETTLEMENT and to participate in the hearing convened to determine whether the SETTLEMENT should be given final approval.  Accordingly, the COURT hereby

1  determines that all members of the SETTLEMENT CLASS are bound by this FINAL
2  APPROVAL ORDER.

3       9.     The COURT hereby finds that the SETTLEMENT set forth in the
4  AGREEMENT is in all respects fair, reasonable, and adequate and in the best interests
5  of the SETTLEMENT CLASS.  In addition, the Court finds that there was no collusion
6  in connection with the SETTLEMENT, that the SETTLEMENT was the product of
7  informed and arm's length negotiations among competent counsel, and that the record
8  is sufficiently developed to have enabled the CLASS REPRESENTATIVES and MEF
9  to adequately evaluate and consider their respective positions.  Accordingly, the Court
10 hereby finally and unconditionally approves the SETTLEMENT set forth in the
11 AGREEMENT.  The CLASS REPRESENTATIVES and the SETTLEMENT CLASS
12 hereby expressly fully release and forever discharge the RELEASED PARTIES and
13 are hereby permanently barred and enjoined from commencing, pursuing,
14 maintaining, enforcing, or prosecuting against the RELEASED PARTIES, either
15 directly or indirectly, on their own behalf, or on behalf of any class or other person or
16 entity, in any action, regulatory action, arbitration, or court or other proceeding of any
17 kind asserting causes of action, claims, damages, equitable, legal, and administrative
18 relief, interest, demands, rights, or remedies, including, without limitation, claims for
19 injunctive relief, declaratory relief, damages, mental anguish, unpaid costs, penalties,
20 liquidated damages, punitive damages, interest, attorneys' fees, litigation costs,
21 restitution, disgorgement, or equitable relief against the RELEASED PARTIES,
22 whether based on federal, state, or local law, statute, ordinance, regulation, the
23 Constitution, contract, common law, or any other source, that relate to the RELEASED
24 CLAIMS as set forth in the AGREEMENT.  This permanent bar and injunction shall
25 not apply to the claims of any CLASS MEMBER who timely and validly requested to
26 be excluded from the SETTLEMENT.  This permanent bar and injunction is necessary
27 to protect and effectuate the SETTLEMENT, this FINAL APPROVAL Order, and this
28

1  COURT's authority to effectuate the SETTLEMENT, and is ordered in aid of this
2  COURT's jurisdiction and to protect its judgments.

3      10.    The CLASS REPRESENTATIVES and the SETTLEMENT CLASS
4  hereby expressly waive and relinquish, to the fullest extent permitted by law, the
5  provisions, rights, and benefits of Section 1542 of the California Civil Code and any
6  and all provisions, rights, and benefits of any similar statute or law of California or of
7  any other jurisdiction as to all known or unknown claims as against the RELEASED
8  PARTIES with respect to the RELEASED CLAIMS.

9      11.    The RELEASED PARTIES may file this FINAL APPROVAL ORDER
10 in any other action that may be pending or brought against them in order to support a
11 defense or counterclaim based on principles of res judicata, collateral estoppel, release,
12 good faith settlement, judgment bar or reduction, or any other theory of claim
13 preclusion or issue preclusion or similar defense or counterclaim.

14     12.    In its Preliminary Approval Order [Dkt. 21], the COURT appointed and
15 designated The Garden City Group, Inc. to act as the SETTLEMENT
16 ADMINISTRATOR. The Garden City Group, Inc. shall continue to act as the
17 SETTLEMENT ADMINISTRATOR to perform those duties and responsibilities that
18 remain under the AGREEMENT and this FINAL APPROVAL ORDER.

19     13.    ACTIVE MEMBER CLASS COUNSEL are hereby awarded the sum of
20 $405,000.00 in attorneys' fees and reimbursement of expenses, which sum the
21 COURT finds to be fair and reasonable and fairly compensates them for their
22 contributions to the prosecution of the ZIZIAN ACTION and the SETTLEMENT.
23 The payment of attorneys' fees and costs shall be pursuant to the terms of the
24 AGREEMENT.

25     14.    CANCELLED MEMBER CLASS COUNSEL are hereby awarded the
26 sum of $405,000.00 in attorneys' fees and reimbursement of expenses, which sum the
27 COURT finds to be fair and reasonable and fairly compensates them for their
28

contributions to the prosecution of the BANDELL ACTION and the SETTLEMENT. The payment of attorneys' fees and costs shall be pursuant to the terms of the AGREEMENT.

15. CLASS REPRESENTATIVE Donna Zizian is hereby awarded a SERVICE AWARD in the amount of $2,000.00, which the COURT finds to be fair and reasonable and in recognition of her efforts in prosecuting the ZIZIAN ACTION and the SETTLEMENT.

16. CLASS REPRESENTATIVES Michelle Bandell, David Eiglarsh, Charlene Panos, Jeanette Rawls, Jennifer Walker, and Alex Zennaro are each hereby awarded a SERVICE AWARD in the amount of $1,000.00, which the COURT finds to be fair and reasonable and in recognition of their efforts in prosecuting the BANDELL ACTION and the SETTLEMENT. Payment of the SERVICE AWARDS shall be pursuant to the terms of the AGREEMENT.

17. Within thirty (30) days after the EFFECTIVE DATE of the SETTLEMENT, as defined and in accordance with the AGREEMENT, MEF shall cause UNUTILIZED MASSAGES for each CANCELLED MEMBER who timely submitted a REINSTATEMENT REQUEST in accordance with the instructions set forth in the AGREEMENT and the CLASS NOTICE to be reinstated into the Millennium Central Office Database for redemption at each SETTLEMENT CLASS MEMBER's HOME CLINIC.

18. The SETTLEMENT ADMINISTRATOR shall disclose the REINSTATEMENT DATE on the SETTLEMENT WEBSITE within five (5) days after the EFFECTIVE DATE of the SETTLEMENT, as defined and in accordance with the AGREEMENT.

19. In compliance with paragraph 8(G) of the AGREEMENT, within forty-five (45) days of an ACTIVE MEMBER's election of the one hundred eighty (180) day period, the Millennium Central Office Database was updated to indicate that the

1  ACTIVE MEMBER elected the one hundred eighty (180) day period following
2  membership termination, cancellation, or nonrenewal to use REDEEMABLE
3  UNUTILIZED MASSAGES and any new HOME CLINIC the ACTIVE MEMBER
4  designated on the ELECTION OF BENEFIT FORM.

5     20.   In compliance with paragraph 8(A) of the AGREEMENT, for two (2)
6  years following the EFFECTIVE DATE of the SETTLEMENT, MEF shall make and
7  keep in place as a system standard the "FreezePlus" program attached as **Exhibit 7** to
8  the AGREEMENT.

9     21.   In compliance with paragraph 8(C) of the AGREEMENT, for two (2)
10 years following the EFFECTIVE DATE of the SETTLEMENT, MEF shall make and
11 keep in place as a system standard the quoted provisions of the template Wellness
12 Agreement, Cancellation Form, and Talking Points that were launched on March 16,
13 2016.

14    22.   Nothing in this FINAL APPROVAL ORDER is intended to prevent MEF
15 from modifying any system standard or related document (i) during the two (2) year
16 period described in Paragraphs 20 and 21 of this FINAL APPROVAL ORDER
17 provided any such modification is not inconsistent with Paragraphs 20 and 21 of this
18 FINAL APPROVAL ORDER, or (ii) following the expiration of the two (2) year
19 period described in Paragraphs 20 and 21 of this FINAL APPROVAL ORDER.  Nor
20 shall the fact that MEF may modify any system standard or related document as
21 allowed in this FINAL APPROVAL ORDER itself constitute a violation of any state
22 law.

23    23.   In the event that the SETTLEMENT does not become effective in
24 accordance with the terms of the AGREEMENT, then this FINAL APPROVAL
25 ORDER shall be rendered null and void and be vacated, the AGREEMENT and all
26 orders entered in connection therewith shall be rendered null and void *ab initio*, and
27 these ACTIONS shall be reinstated as they existed prior to the making of the
28

AGREEMENT.  In that case, all communications, documents, filings, negotiations, and other actions taken to negotiate and pursue settlement through the AGREEMENT, including the AGREEMENT itself, shall be considered confidential settlement communications that cannot be used as evidence for any purposes whatsoever in the ACTIONS or any proceedings between the PARTIES or in any other action related to the RELEASED CLAIMS or otherwise involving the PARTIES, any MEF FRANCHISEE, or any RELEASED PARTY.

24.   Nothing in this FINAL APPROVAL ORDER or the AGREEMENT shall be construed as an admission or concession by any Party.  The AGREEMENT and this resulting FINAL APPROVAL ORDER simply represent a compromise of disputed allegations.

25.   All PARTIES to the AGREEMENT and CLASS COUNSEL are directed to carry out their obligations under the AGREEMENT.

26.   Without impacting the finality of this FINAL APPROVAL ORDER, except as otherwise provided in this Paragraph 26, the COURT hereby retains continuing jurisdiction to assure compliance with all terms of this SETTLEMENT in accordance with the AGREEMENT and this FINAL APPROVAL ORDER.  In the event any of the RELEASED PARTIES files this FINAL APPROVAL ORDER in another action pursuant to Paragraph 11 above in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, the court in which the other action is pending or brought shall have jurisdiction to interpret the AGREEMENT and this FINAL APPROVAL ORDER to adjudicate such a defense or counterclaim and this COURT shall have no jurisdiction with respect to such matters.

27.   CLASS COUNSEL shall serve a copy of this FINAL APPROVAL ORDER on all named PARTIES and their counsel and the SETTLEMENT

1  ADMINISTRATOR within seven (7) days of receipt and the SETTLEMENT
2  ADMINISTRATOR shall post a copy of this FINAL APPROVAL ORDER on the
3  SETTLEMENT WEBSITE within five (5) days of receipt.

**IT IS SO ORDERED**

DATED:  January 13, 2017

The Honorable Dana M. Sabraw
United States District Judge